**UNITED STATES of America,**
**Appellee,**

**v.**

**Raymond MARQUEZ, Appellant.**
**No. 1239, Docket 74–1894.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 16, 1974.

Decided Nov. 4, 1974.

Goldberger, Feldman & Breitbart, New York City (J. Jeffrey Weisenfeld, New York City, of counsel), for appellant.

Paul J. Curran, U. S. Atty., New York City (T. Barry. Kingham, S. Andrew Schaffer, Asst. U. S. Attys., of counsel), for appellee.

Before OAKES, Circuit Judge, FRANKEL and KELLEHER, District Judges.*

KELLEHER, District Judge:

This appeal is from an order denying appellant's motion to have his sentence as recorded in the written judgment and commitment, and docket entries corrected so as to conform with its original oral pronouncement. We reverse.

Appellant Raymond Marquez was convicted on September 11, 1969, in the United States District Court for the Southern District of New York of conspiracy to use interstate commerce and the mails to facilitate gambling in violation of 18 U.S.C. § 1952. On October 22, 1969, Judge Walter R. Mansfield orally sentenced Marquez, who was before him as required by Rule 43, F.R. Crim.P., "to be committed to the custody of the Attorney General or his authorized representative for imprisonment pursuant to his conviction on count 2 of the indictment for a term of five years, and that he be fined in addition the sum of $10,000, and that he be required to pay the cost of the prosecution in this case against him." In the written judgment and commitment, dated and filed the same day, Marquez's sentence was recorded as: "FIVE (5) YEARS on count 2 and FINED $10,000.00. The fine on count 2 is to be paid or the defendant is to stand committed until the fine is paid or he is otherwise discharged according to law. It is further ordered that the defendant is to pay the cost of prosecution against him in this case."

By motion dated May 8, 1974, Marquez moved in the District Court, under Rule 36, F.R.Crim.P., to correct the judgment and commitment, and docket entries so as to conform to the oral statements of sentence. The explanation given for the long delay between sentencing and this motion is that Marquez was not informed of the commitment condition placed on the payment of the $10,000 fine until almost five years after the original sentence was imposed. On May 17, 1974, Marquez's motion was denied by Judge Mansfield, now United States Circuit Judge.

■ While this Court has never directly decided the issue presented by

---

* Of the Southern District of New York and the Central District of California, respectively, sitting by designation.

this appeal, the law we think is clear. In a concurring opinion, in Sobell v. United States, 407 F.2d 180 (2d Cir. 1969), Judge Moore expressed, in dictum, what ought to be and what we now hold to be the law of this Circuit:

> "It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is 'mere evidence of such authority.' Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492, 495 (1957); see also Pollard v. United States, 352 U.S. 354, 360 n. 4, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). If, as the Government would have it, appellant was sentenced not when he appeared before Judge Kaufman but at some later time when the commitment was signed, the sentence would be invalid since appellant was not present. [Citations omitted.]" 407 F.2d at 184.

We are persuaded by the holdings in other circuits that the rule expressed by Judge Moore must control here. The Ninth Circuit recently noted that, "[i]n cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant. [Citations omitted.]" United States v. Munoz-Dela Rose, 495 F.2d 253, 256 (9th Cir. 1974). See also: United States v. Morse, 344 F.2d 27, 29 n. 1 (4th Cir. 1965); Henley v. Heritage, 337 F.2d 847 (5th Cir. 1964); United States v. Raftis, 427 F.2d 1145 (8th Cir. 1970); United States v. Mason, 440 F.2d 1293 (10th Cir. 1971).

We find the oral pronouncement of sentence below to be clear and unambiguous. Any question of the judge's intention to impose a committed fine as evidenced by the written judgment and commitment is of no consequence. See, Patterson v. United States, 386 F.2d 142 (5th Cir. 1967). For, in order for a fine to be a committed fine, it must have expression in the sentence. Hill v. United States ex rel. Wampler, 298 U.S. 460, 463–464, 56 S.Ct. 760, 762, 80 L.Ed. 1283 (1936). And, as noted above, Marquez was sentenced orally by the judge without the commitment condition, the written judgment and commitment being nothing more than mere evidence of the sentence imposed orally in court by the judge. Moreover, after imposing sentence in a defendant's presence, the Court cannot thereafter increase the sentence with defendant absent. Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963).

Any argument that Rule 35, F.R.Crim.P., is the only proper basis for appellant's motion and that this action is therefore barred by the 120-day limitation placed on motions to reduce a sentence that has been imposed in an illegal manner is also of no consequence. Appellant's motion is in no way an attempt to correct a sentence imposed in an illegal manner. The sentence given Marquez in open court by the trial judge was the only valid sentence imposed. Its validity is not challenged nor is the manner in which it was imposed questioned. All that is asked of this Court is that, under Rule 36, F.R.Crim.P., the written judgment and commitment, and docket entries be brought into conformity with that sentence. Moreover, as the Supreme Court in *Bartone* indicated, the error, in enlarging the sentence in the absence of a defendant, is so plain in light of the requirements of Rule 43, F.R.Crim.P., that Courts of Appeals under their broad supervisory powers should correct such errors even if they have not been alleged on appeal. 375 U.S. at 53–54, 84 S.Ct. at 22.

We hold, therefore, that the order denying appellant's motion, under Rule 36, F.R.Crim.P., to have his sentence as recorded in the written judgment and commitment, and docket entries corrected so as to conform with its original oral pronouncement is reversed.

We remand this case to the District Court with directions to correct the written judgment and commitment, and docket entries in accordance with the oral pronouncement of sentence.

Reversed and remanded.