LAM MAN CHUNG, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 76 Civ. 1059.

United States District Court, S. D. New York.

Sept. 30, 1976.

Richard M. Zuckerman, New York City, for petitioner.

Robert B. Fiske, Jr., U.S. Atty., Southern District of New York, New York City, for respondent; Peter C. Salerno, Asst. U.S. Atty., of counsel.

## MEMORANDUM

LASKER, District Judge.

Lam Man Chung was convicted by a jury of possession of narcotics with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). At sentencing before this court on December 21, 1973, a five year sentence was imposed to be served consecutively to a 10 year sentence for other narcotics violations previously imposed by then District Judge Gurfein.

The Judgment and Commitment papers entered on January 4, 1974 erroneously

indicated that a fine of $5,000. had been imposed and that petitioner had been convicted of the crime of conspiracy, in addition to the substantive offense. The entry of the fine has been corrected by order dated March 15, 1976. Because the entry of a conviction for conspiracy was a clerical error, the Judgment and Commitment papers must be corrected to show that petitioner was convicted only of the offense of possession of narcotics with intent to distribute.

The Judgment and Commitment papers also show that a mandatory six year Special Parole term was imposed on petitioner. However, the special parole term in fact was not pronounced at sentencing.

Although petitioner's motion to vacate sentence because of this omission was previously denied, on the grounds that the special parole term was mandatory and had been entered on the Judgment and Commitment papers, on this motion to amend or reconsider those findings it is concluded that petitioner's sentence must be vacated. The Federal Rules of Criminal Procedure require that the defendant be present "at the imposition of sentence" and direct that both counsel and the defendant be given an opportunity to address the court on the question of punishment at the time of sentencing. Federal Rules of Criminal Procedure 43, 32. The complete absence of the defendant and his counsel when the total sentence is increased (through imposition of a mandatory parole term without a corresponding decrease in the prison term imposed) is a more serious omission than failure personally to address a defendant represented by counsel to ask if he wishes to exercise his right of allocution at sentencing in accordance with Rule 32. *Cf. Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Although the special parole term was mandatory in the case of a prison sentence, the prison sentence itself was not. Although the court informed counsel at an in-chambers conference of its belief that it had been aware of the required parole term at sentencing, the record in this case does not and cannot show with certainty that the original prison sentence might not have been less had the six year special parole term been pronounced orally. See *United States v. Behrens*, 375 U.S. 162, 168, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963) (concurring opinion of Harlan, J.) All of the circuits which have considered the question have concluded that the defendant is entitled to be present when a mandatory parole term is imposed, and that in view of the judge's discretion to set the prison portion of the sentence, imposition of the mandatory parole term is not just a ministerial act. *Caille v. United States*, 487 F.2d 614 (5th Cir. 1973); *Mayfield v. United States*, 504 F.2d 888 (10th Cir. 1974); *Thompson v. United States*, 495 F.2d 1304 (1st Cir. 1974). See also *United States v. Scott*, 502 F.2d 1102 (8th Cir. 1974); *United States v. Kenyon*, 519 F.2d 1229 (9th Cir.) *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975). In *Thompson v. United States, supra*, 495 F.2d at 1307, the First Circuit considered the issue on virtually identical facts, the district court having stated that it was aware of the required special parole term at the time sentence was imposed, but merely forgot to pronounce it.

In addition to the reasons relied on by Judge McEntee in *Thompson, supra*, it would seem that proper respect for the dignity of the defendant and due process itself require his presence when the actual punishment is announced. This view is consistent with the rule that where there is a variance between the oral judgment and the written judgment of sentence, the oral judgment must control. *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974). Since the oral judgment in this case did not include the statutorily required special parole term, the sentence must be vacated.

*United States v. Bozza*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), relied on by the government, is inapposite. There the defendant was sentenced to a mandatory prison term. A few hours later the district court realized that the statute also required imposition of a fine, and recalled the defendant to the courtroom and imposed the

fine. No question of the defendant's right to be present at the proceeding to add a mandatory portion of a sentence was raised, the Court holding only that there was no violation of the double jeopardy clause. Similarly, in *United States v. Thomas*, 356 F.Supp. 173 (E.D.N.Y.1972), *aff'd in open court*, 474 F.2d 1336 (2d Cir. 1973) only the double jeopardy question was considered by the court.

▬ We disagree with the government's suggestion that the court no longer has power to reduce the prison portion of the sentence, the 120 day period for discretionary reduction of sentence under Rule 35 having passed, and that therefore, bringing the defendant before the court for resentencing would be a futility. In this case, action is not undertaken pursuant to those discretionary provisions. Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, and it is that motion to vacate an illegally imposed sentence which is granted. Even if this action were more properly viewed as coming under the provisions of Rule 35 permitting the correction of an "illegal sentence," that correction may be done "at any time." As indicated above, one reason the defendant's presence is required when a special parole term is imposed is that when the judge views the entire sentence as a "package" including a mandatory parole term, the prison portion of the sentence which would otherwise have been imposed may be reduced. This being the case, whether the sentence is vacated under 28 U.S.C. § 2255 or is "corrected" pursuant to Rule 35, the proper remedy is a resentencing in which the court has power to adjust the prison portion of a sentence in light of the mandatory special parole term.

Accordingly, the Judgment and Commitment papers shall be corrected to show that the defendant was only convicted of one count of possession of narcotics with intent to distribute, and was not convicted of conspiracy. The defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is granted and the defendant shall be brought before the court forthwith for resentencing.

The Clerk of the Court shall prepare an amended judgment accordingly.

It is so ordered.