**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kimberly Ann COLEMAN,
Defendant-Appellant.**

No. 81–1774.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 1982.

Decided Sept. 21, 1982.

David Teske, Portland, Or., for defendant-appellant.

James G. Lindsay, Washington, D.C., Jack Collins, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

**664**

Before SNEED and SKOPIL, Circuit Judges, and COUGHENOUR,* District Judge.

PER CURIAM:

Coleman challenges her sentence and requests that it be vacated. She claims that the district court was without jurisdiction to sentence because the sentencing hearing was held before this court issued its mandate disposing of her appeal. Coleman's sentence was not entered on the district court docket until after this court's mandate was received and docketed.

Following judgment n.o.v. for Coleman, this court, 656 F.2d 509, reversed and remanded for sentencing. The mandate should have issued November 26, 1981, but did not issue until December 2, 1981. The district court held the sentencing hearing and orally sentenced Coleman on November 30, 1981. Coleman's counsel agreed to proceed with the hearing at that time. The district court received this court's mandate December 7, 1981, and entered it on the docket sheet December 8, 1981. The sentence rendered by the trial court was entered on the district court docket December 14, 1981.

■ This case is not controlled by *Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937). While *Berman* establishes that a district court cannot resentence a defendant during the pendency of an appeal, it does not indicate at what point the resentencing is considered to have taken place. Several considerations, however, point to the docketing date, rather than the time of hearing, as the time of sentencing.

First, entry of the judgment on the docket starts the time running for the 10 days within which an appeal may be filed. Fed. R. App. P. 4(b). Second, at least one other circuit, in a different context, has treated the entry of judgment as the activity forbidden during the pendency of an appeal. *See District 65 v. McKague*, 216 F.2d 153, 155 (3d Cir. 1954).

■ Finally, where a motion is made under Fed. R. Crim. P. 33 for a new trial on the ground of newly discovered evidence, the motion may be heard during the pendency of an appeal (and may be denied), but the motion may not be granted until the case has been remanded. *United States v. Frame*, 454 F.2d 1136, 1138 (9th Cir.), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972).

These considerations warrant our decision that the sentencing had taken place when it was docketed.

■ While the district court's practice in this case is not preferred, we hold that the district court had jurisdiction to sentence when the mandate from the circuit was docketed in the district court, and that sentencing takes place when the sentence is entered on the district court's docket. The district court's entry and docketing of the sentence was valid. We AFFIRM.