**UNITED STATES of America, Appellee,**

v.

**Richard L. SYKES, Defendant-Appellant.**

**No. 682, Docket 82–1289.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 4, 1983.

Decided Jan. 6, 1983.

John J. LaDuca, Rochester, N.Y. (LaDuca & McGinn, Rochester, N.Y., on the brief), for defendant-appellant.

Rosemary G. Roberts, Asst. U.S. Atty., Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., Matthew J. Murphy III, Asst. U.S. Atty., Buffalo, N.Y., on the brief), for appellee.

Before TIMBERS, NEWMAN and PIERCE, Circuit Judges.

NEWMAN, Circuit Judge:

Richard L. Sykes appeals from a judgment of the District Court for the Western District of New York (Michael A. Telesca, Judge) convicting him, upon his plea of guilty, of falsely denying that he was under indictment when he purchased a firearm. 18 U.S.C. §§ 922(a)(6), 924(a) (1976). Sykes has purported to reserve the right to raise two issues on appeal: (1) whether the search warrant pursuant to which the firearm was seized was invalid because supported by testimony of his wife allegedly protected by the marital communication privilege, and (2) whether the federal prosecution was barred on double jeopardy grounds by reason of a prior state conviction. We conclude that only the double jeopardy claim is cognizable on this appeal, and since that claim is without merit, we affirm the judgment of conviction.

The guilty plea to the second count of a four-count indictment was entered June 22, 1982. The plea agreement provided only that the plea to Count II would be in satisfaction of the other charges in the indictment, that the Government would make no recommendation with respect to sentencing, and that the Government would move to dismiss the remaining counts of the indictment at the time of sentencing. The plea agreement did not include any reservation of right to appeal from the judgment of conviction. On August 2, Judge Telesca imposed a sentence of three years. On the same day, Sykes prematurely filed a notice of appeal, which, pursuant to Fed.R.App.P. 4(b), is "treated as filed" on the day the judgment was entered, August 4.

On August 13, three days before his scheduled surrender date, Sykes appeared before Judge Telesca at a hearing at which the Assistant United States Attorney disclosed the circumstances of the purported reservation of right to appeal. The Government represented that in the interim between the date of the sentencing on June 2 and the hearing on June 13 "the Government and the defendant have entered into a subsequent agreement which would add nunc pro tunc an additional condition to the plea agreement entered into on June 22nd, 1982. That additional term is that the defendant reserve two issues to the Second Circuit Court of Appeals." The two issues were then set forth. After establishing the consent of the defendant and his counsel to the proposed arrangement, Judge Telesca stated that he was granting an order amending the plea agreement to permit the appeal of the marital privilege and double jeopardy issues.

█ The District Court lacked jurisdiction to modify any aspect of the judgment of conviction, including its appealability, after the effective filing date of the notice of appeal. *See, e.g., Weiss v. Hunna,* 312 F.2d 711, 713 (2d Cir.), *cert. denied,* 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963). The purported nunc pro tunc amendment of the plea agreement is therefore a nullity and cannot create a basis for entertaining this appeal. We recognize that we could simply restore jurisdiction to the District Court to permit it to amend the plea agreement and thereby reserve issues for a renewed appeal, but we decline to do so in the circumstances of this case.

█ We have already cautioned district courts concerning the practice of accepting guilty pleas conditioned on a reservation of

a right to appeal. *United States v. Burns,* 684 F.2d 1066, 1071–73 (2d Cir.1982); *United States v. Thibadeau,* 671 F.2d 75, 79–81 (2d Cir.1982); *United States v. Lace,* 669 F.2d 46, 53 n. 5 (2d Cir.1982); *id.* at 57 n. 7 (Newman, J., concurring). Though we continued to express approval of the practice, when exercised with precision and caution, we certainly did not intend to augment the procedure by permitting new agreements for a reservation of appealable issues to be struck after a guilty plea has been entered, sentence has been imposed, and judgment has been entered. There is no claim in this case that the August 13 agreement to permit an appeal carried out some understanding reached in connection with the entry of the guilty plea but not disclosed to the District Court at that time. On the contrary, the record is clear that the agreement was reached after the sentence was imposed. We have never allowed a defendant, after a guilty plea and sentence, to reserve the right to appeal, and we see no basis for permitting a district court to do so by the device of a nunc pro tunc amendment of a plea agreement that was placed on the record at the time of the plea. The device of a guilty plea with a reservation of right to appeal is intended to spare a district court a needless trial, not to inflict on a court of appeals a needless appeal.

█ We therefore do not reach appellant's challenge to the search warrant,[1] nor will we remand to restore to the District Court jurisdiction to amend the plea agreement. The plea was validly entered, and it waived all non-jurisdictional defects. *United States v. Doyle,* 348 F.2d 715, 718 (2d Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). However, the double jeopardy claim may be asserted on appeal notwithstanding the plea of guilty. *Menna*

1. That challenge, based on the claim that the wife's testimony concerning her observation of appellant's firearms was privileged, would encounter pertinent federal decisions, Fed.R.Evid. 501, holding that the marital communication privilege applies only to communications or acts intended to convey a message. *United States v. Lustig,* 555 F.2d 737, 748 (9th Cir.), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978); *United States v. Smith,* 533

F.2d 1077, 1079 (8th Cir.1976); *United States v. Lewis,* 433 F.2d 1146, 1150–51 (D.C.Cir.1970). *See United States v. Chiarella,* 588 F.2d 1358, 1372 (2d Cir.1978) (federal common law of privilege applies in federal prosecutions), *rev'd on other grounds,* 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980); *Colton v. United States,* 306 F.2d 633, 636 (2d Cir.1962) (same), *cert. denied,* 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).

*v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). But that claim is without merit. A state conviction does not bar a subsequent federal prosecution for the same acts, *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 1082, 55 L.Ed.2d 303 (1978); *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). Moreover, the state and federal offenses were significantly different. The state offense was a violation of N.Y.Penal Law § 265.01(4) (Consol.1977), punishing possession of a firearm after conviction of a felony. The federal offense was falsely denying that an indictment was pending when purchasing a firearm.

The judgment of conviction is affirmed.