UNITED STATES of America

v.

Frank A. DeVITO, Jr.

Crim. No. 82–1131.

United States District Court, D. Connecticut.

Sept. 8, 1983.

Frank A. DeVito, Jr., pro se.

## RULING ON MOTION FOR REDUCTION OF SENTENCE

DALY, Chief Judge.

In this case the Court must determine whether it has jurisdiction to decide the defendant's motion for reduction of sentence under Rule 35, Fed.R.Crim.P. With the defendant present in the courtroom on April 14, 1983, the Court orally sentenced the defendant to a term of two years incarceration with a five year special parole term for a violation of 21 U.S.C. § 841. On April 20, 1983, the Court filed with the Clerk of Court the signed judgment and commitment order in this matter. Approximately four months later, on August 18, 1983, the Court received the defendant's motion for reduction of sentence.

Pursuant to Rule 35, Fed.R.Crim.P., the Court may reduce a defendant's sentence "within 120 days after the sentence is imposed."[1] The issue before the Court is whether the "sentence is imposed" within the meaning of Rule 35 on the day the Court orally pronounced the sentence on the defendant or on the day the Court filed the signed judgment and commitment order with the Clerk. In the instant case the distinction is important as the defendant's motion comes 126 days after the Court's oral pronouncement of the sentence and 120 days after the filing of the judgment and commitment order.

For this distinction to be of moment, the Court must have jurisdiction to decide beyond the 120 day period a motion for reduction of sentence that was filed within the 120 day period. Subsequent to the Supreme Court decision in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979),[2] courts have held that although a district court lacks jurisdiction to decide a motion for reduction of sentence that is filed beyond the 120 day period following the imposition of sentence, the court retains jurisdiction, for at least a reasonable period of time beyond the 120 day limit, to decide such a motion that was filed within the 120 day period. *United States v. Krohn*, 700 F.2d 1033, 1035–39 (5th Cir.

---

1. Rule 35, Fed.R.Crim.P. *Correction or Reduction of Sentence*

   (a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

   (b) *Reduction of Sentence.* The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

2. The court in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), dealt primarily with the ability of a sentenced defendant to attack the court's sentence under 28 U.S.C. § 2255 due to a post sentencing alter-

ation of Parole Commission policy. In its discussion, the Court briefly mentioned the judge's authority to reduce a sentence under Rule 35, Fed.R.Crim.P. The *Addonizio* Court noted that such a reduction can occur "within 120 days after it is imposed or after it has been affirmed on appeal." 442 U.S. at 189, 99 S.Ct. at 2242. In what is clearly *dicta,* the Court went on to say that "[t]he time period, however, is jurisdictional and may not be waived." *Id.* Prior to the *Addonizio* decision, many courts had adopted the rule that a district court retained jurisdiction over a timely-filed Rule 35 motion for at least a reasonable time beyond the 120 day period. *See United States v. Williams,* 573 F.2d 527 (8th Cir.1978); *United States v. United States District Court,* 509 F.2d 1352 (9th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Janiec,* 505 F.2d 983 (3d Cir.1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1332, 43 L.Ed.2d 427 (1975). As noted *infra,* many courts have interpreted the restrictive jurisdictional language of *Addonizio* to apply to the time of *filing* the motion rather than the time in which the district judge must decide the motion.

1983) (because delay was reasonable, district court had jurisdiction to decide timely-filed Rule 35 motion 10 months beyond the 120 day period); *United States v. DeMier,* 671 F.2d 1200, 1205–08 & n. 16 (8th Cir. 1982) (court acting on timely-filed Rule 35 motion 10 months beyond 120 day period had jurisdiction as the time delay was reasonable under the circumstances); *United States v. Smith,* 650 F.2d 206, 209 & n. 2 (9th Cir.1981) (district court retains jurisdiction for a reasonable period of time beyond the expiration of the 120 day limit found in Rule 35); *see United States v. Rice,* 671 F.2d 455, 459 n. 5 (11th Cir.1982) (court retains jurisdiction over timely-filed motion beyond the 120 day limit "in those rare circumstances in which it is unable to decide the motion within the 120 day period") (dicta); *United States v. Inendino,* 655 F.2d 108, 109–10 (7th Cir.1981) (noting that courts have allowed an extension of jurisdiction beyond the 120 day period to consider timely-filed motion) (dicta). *But see United States v. Pollack,* 655 F.2d 243, 244 (D.C.Cir.1980) (doubting that district court retains jurisdiction for reasonable time after the 120 day period, but avoiding deciding the issue by holding that the district court did not decide the motion within a reasonable time after expiration of the 120 day limit); *United States v. Kajevic,* 711 F.2d 767, 771–72 (7th Cir.1983) (same). The law in this District prior to *Addonizio* permitted the retention of jurisdiction beyond the 120 day period. *See United States v. Manderville,* 396 F.Supp. 1244, 1245 n. 1 (D.Conn.1975). Apparently there are no reported decisions of courts in this Circuit since the *Addonizio* case that address this issue. Nevertheless, the Court views the reasoning of the *Krohn* and *DeMier* Courts as persuasive and agrees with their interpretation of the impact of the *Addonizio* decision. Hence, the Court finds that this Court would have jurisdiction, at least for a reasonable time beyond the 120 day period, to decide the motion for reduction of sentence assuming that this motion is found to be timely filed. It is in this posture then that the Court must determine whether the motion was filed in a timely manner by deciding which day the sentence was imposed within the meaning of Rule 35.

At least for the purposes of a motion to correct the judgment and commitment, made pursuant to Rule 36, Fed.R.Crim.P., the Court of Appeals for the Second Circuit has ruled that the sentence *is* the district judge's oral pronouncement in court in the presence of the defendant and the judgment and commitment order is "mere evidence" of that sentence. *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974). *See United States v. Lewis,* 626 F.2d 940, 953 (D.C.Cir.1980). The Court in *Marquez* held that a defendant had a right to have the filed judgment and commitment corrected to accurately reflect the judge's unambiguous oral pronouncement of sentence in court. *Id.,* at 622. The *Marquez* Court stated that " '[t]he only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant.' " *Id.*

It follows from the rule in *Marquez* that the imposition of sentence for Rule 35 purposes occurs at the oral pronouncement of sentence rather than upon the filing of the judgment and commitment order. *See Lam Man Chung v. United States,* 419 F.Supp. 1287, 1288–89 (S.D.N.Y.1976). To hold otherwise would be to conclude that the sentence, although pronounced in court, is only actually imposed on the defendant by the subsequent filing of "mere evidence" of the only legally cognizable sentence. Moreover, Rule 43, Fed.R.Crim.P., provides further support for the view that under Rule 35 a sentence is imposed when orally pronounced in court in the presence of the defendant rather than upon the filing of the judgment and commitment order. Rule 43(a) provides that "the defendant shall be present ... at the *imposition* of sentence, except as otherwise provided by this rule" (emphasis supplied). Generally, the defendant must be and is present in court when a judge orally pronounces a sentence. Also, generally, the defendant is not and would not be present when the judgment and commitment is filed. Therefore the imposition of sentence envisioned in Rule 43 must be the judge's

oral pronouncement of the sentence in court and not the filing of the judgment and commitment order. *See Lam Man Chung, supra,* at 1288–89. The Court thus finds that the same moment of imposition that is contemplated in Rule 43 is referred to in Rule 35 in the phrase, "after the sentence is imposed."[3]

■ Accordingly, the Court holds that the date the sentence was imposed in this case was April 14, 1983.[4] The motion for reduction of sentence was therefore received 126 days after the sentence was imposed. Consequently, the motion is not timely and the Court has no jurisdiction to decide the motion. The Court notes that the defendant does not in any way allege that the sentence is an illegal sentence.

The Court is aware of *United States v. Coleman,* 688 F.2d 663 (9th Cir.1982) (*per curiam*), in which the court held that the sentencing of the defendant "took place when [the judgment] was docketed." *Id.,* at 664. In *Coleman* the district judge re-

sentenced the defendant before receiving the mandate from the Court of Appeals although after the mandate should have been issued. The judgment order reflecting the resentencing, however, had been docketed after the district court had received the mandate. The *Coleman* Court noted the rule set forth in *Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937), that resentencing could not take place during the pendency of an appeal and proceeded to define "sentencing" in that context as occurring at the docketing of the judgment. This Court, however, need not decide the issue presented to the *Coleman* Court. That decision refers to sentencing in a context entirely different from the context in which the present issue arises. And further, to the extent that the Court must choose between the *Coleman* rationale and the *Marquez* reasoning, the latter seems to the Court to be the sounder decision.

Based on the foregoing, the Court is without jurisdiction to proceed on this Rule

---

**3.** The Court's ruling in this case is completely consistent with the understanding of the Second Circuit Court of Appeals in a recent case dealing with unrelated issues. In *United States v. Sykes,* 697 F.2d 87 (2d Cir.1983), the Court noted that the district judge had "*imposed* a sentence of three years" on August 2nd while the "judgment was entered" in the case on August 4th. *Id.,* at 88 (emphasis supplied). Although not presented with an issue similar to the question now before the Court, the *Sykes* Court described the imposition of sentence as occurring two days before the filing of the judgment and surely referred to the judge's oral pronouncement of sentence in the presence of the defendant. *Id.,* at 88–89. This Court notes that the first paragraph on page 89 of *Sykes* appears to incorrectly list dates of June 2nd and June 13th for certain events while the context of the opinion demonstrates that these dates should read "August 2" and "August 13" respectively.

**4.** The docket sheet in *United States v. Frank A. DeVito, Jr.,* Criminal No. 82–1131, lists April 15, 1983 as the date the Court orally pronounced sentence on the defendant. The relevant portion of the docket sheet reads as follows:

"1983 . . .
4/15 DISPOSITION: 2 yrs. impr. on Ct. 4 together with a spec. parole term of 5 yrs. Cts. 1, 2 & 3 of Superseding Indictment dism.

on Gov't Motion. Court 1:30 to 1:48 P.M. DALY, J. (Russell, R. Cannady, D.C.)
4/14 Gov't Motion to Dismiss Cts. 1, 2 & 3, filed and SO ORDERED. DALY, J. Copies to counsel.
4/14 ORDER for Dismissal of Indictment ret'd 10/28/82, filed and entered. DALY, J. Copies to counsel.
4/20 Judg. & Comm Order, filed and entered. DALY, J. Copies distributed. M– 4/20/83"

The defendant's motion for reduction of sentence, however, states that he was sentenced on April 14, 1983. The Court agrees with the defendant that the Court sentenced him on April 14, 1983 and not on April 15, 1983. The Court's diary and the docket entry in the context of the surrounding entries demonstrate that the "4/15" date is a typographical error and should read "4/14." Therefore, pursuant to Rule 35, Fed.R.Crim.P., the Court hereby orders that the docket sheet in this matter be corrected accordingly. Throughout this opinion the Court has considered April 14, 1983 as the date that the sentence was orally pronounced in the presence of the defendant rather than the April 15th date that appears on the docket sheet. The defendant would not be aided by the Court considering the April 15th date as the date sentence was orally pronounced, and thus imposed, because the motion would still be untimely, leaving the Court without jurisdiction.

35 motion for reduction of sentence and the motion is therefore denied.