107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Brian BERARDINI, Defendant-Appellant.
 No. 96-1421.
 United States Court of Appeals, Second Circuit.
 Feb. 3, 1997.
 
 1
 Appearing for Appellant: Robert M. Goldstein, Buffalo, N.Y.
 
 
 2
 Appearing for Appellee: Anthony M. Bruce, Ass't U.S. Att'y, WDNY, Buffalo, N.Y.
 
 
 3
 Defendant Brian Berardini has appealed from a judgment entered in the United States District Court for the Western District of New York following his plea of guilty before William M. Skretny, Judge, convicting him of conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 371. Berardini's sentence includes a five-month term of imprisonment, to be followed by a three-year term of supervised release, and an order that he pay $39,271 in restitution. On appeal, Berardini argues, inter alia, that the district court erred in ordering restitution of more than $11,791, which represents the total sales by Berardini to the conspiracy victims who have been located by the government. We remand to the district court for clarification of the judgment for the following reasons.
 
 
 4
 In imposing sentence, the district court orally stated as follows with respect to restitution:
 
 
 5
 I am going to direct that restitution be paid in the amount of thirty-nine thousand two hundred seventy-one dollars. That's due immediately. The execution of that requirement, that amount and that judgment is stayed. I'm going to set monthly installments over the three-year period of supervised release of three hundred dollars that you are to pay, and that will be worked out with you by probation, and that those monies that are paid be made available to the identifiable victims that are identified in the report in this particular case....
 
 
 6
 (Sentencing Transcript, May 7, 1996 ("Tr."), 19.) Although the oral sentence stated that the total amount of $39,271 was due immediately and that that requirement was stayed, it left unclear the effect of the stay with respect to the amount of restitution ordered in excess of the required monthly payments, which total $10,800; it did not specify the time by which the balance of the $39,271 was to be paid.
 
 
 7
 The written judgment of conviction states, in part, that
 
 
 8
 it is ordered that the defendant make restitution to Victims in the amount of $39,271. The defendant shall make timely installments on a schedule to be fixed by the U.S. Bureau of Prisons while incarcerated and at the rate of $300 per month while on supervised release. Full payment of the restitution is due at least three months prior to the expiration of supervision.
 
 
 9
 Judgment dated May 7, 1996, at 3. The judgment states that the "[p]ayments of restitution are to be made to ... the payee(s)," rather than to the United States Attorney. Id at 4. It further states that "defendant shall make restitution to the following persons in the following amounts...." Id. Twenty persons are listed, and the amounts listed for them total $11,791.
 
 
 10
 As to the remaining $27,480 (i.e., the difference between $39,271 and $11,791), the judgment does not identify the persons to whom Berardini is to make payments. At the sentencing hearing, the government stated that although it had been able to locate only those whose losses totaled $11,791, it also had the names of and addresses for all of the conspiracy victims to whom Berardini made sales. (Tr. 15.) The judgment leaves unclear what obligation, if any, the court has imposed on Berardini in the event that the government does not succeed in locating any or all of those remaining victims prior to the expiration of Berardini's term of supervised release. In the absence of clarification, this Court cannot properly review Berardini's contention that the judgment may expose him to punishment extending beyond the term of supervised release.
 
 
 11
 Accordingly, we remand to the district court for the limited purpose of permitting that court to clarify the sentence, bearing in mind that if there is a conflict between the sentence as imposed orally and the terms set out in the written judgment, the court's oral pronouncements are controlling, see generally United States v. Werber, 51 F.3d 342, 347 (2d Cir.1995); United States v. Marquez, 506 F.2d 620, 622 (2d Cir.1974). The district court should provide clarification, within 14 days of the date of this order, as to Berardini's responsibility with respect to so much of the $39,271 as exceeds the amounts specified to be paid to the conspiracy victims identified in the judgment.
 
 
 12
 Accordingly, we remand for supplementation of the record in accordance with the foregoing. The mandate shall issue forthwith. This appeal will be reinstated, without need for a new notice of appeal, upon notice by either party to this Court by letter that the district court has supplemented the record or upon the expiration of 14 days, whichever occurs sooner. The matter shall be referred to this panel.