# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**September 2022 Term**

_____

No. 21-0490

_____

**FILED**

**November 4, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,
Plaintiff Below, Respondent,**

**V.**

**Emily J. Keefer,
Defendant Below, Petitioner.**

_____

**Appeal from the Circuit Court of Berkeley County
The Honorable Laura Faircloth, Judge
Criminal Action No. CC-02-2020-F-62**

**AFFIRMED**

_____

**Filed: November 4, 2022**

| | |
|---|---|
| **Dylan K. Batten, Esq.** | **Patrick Morrisey, Esq.** |
| **Public Defender** | **Attorney General** |
| **Martinsburg, West Virginia** | **Andrea Nease Proper, Esq.** |
| **Attorney for the Petitioner** | **Assistant Attorney General** |
| | **Charleston, West Virginia** |
| | **Attorneys for the Respondent** |

**JUSTICE BUNN delivered the Opinion of the Court.**

**JUSTICE WOOTON concurs in part, dissents in part, and reserves the right to file a separate opinion.**

# SYLLABUS BY THE COURT

1.      "Generally, an order is effective when a court announces it." Syllabus point 1, *Moats v. Preston County Commission*, 206 W. Va. 8, 521 S.E.2d 180 (1999).

2.      "An oral order has the same force, effect, and validity in the law as a written order. In other words, the actual physical possession of a written order is not required to effectuate said order." Syllabus point 2, *Moats v. Preston County Commission*, 206 W. Va. 8, 521 S.E.2d 180 (1999).

3.      "A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syllabus point 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017).

4.      A sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing.

**Bunn, Justice:**

Petitioner, Emily J. Keefer ("Ms. Keefer"), appeals an order of the Circuit Court of Berkeley County, entered on May 19, 2021, denying her motion to reduce her sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Rule 35(b) provides, in relevant part, that "[a] motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed[.]" Ms. Keefer claims the circuit court erred by finding her motion was untimely when it was filed within 120 days of the circuit court's entry of its sentencing order. The circuit court calculated the 120-day period for Ms. Keefer's Rule 35(b) motion from the sentencing hearing, when the sentence was verbally pronounced, and concluded that her motion was filed outside that time frame. Upon review of the parties' briefs, the record submitted on appeal, and the pertinent authorities, we agree with the circuit court and conclude that a sentence is "imposed" for purposes of Rule 35(b) when the sentence is verbally pronounced at a sentencing hearing. Therefore, we affirm the denial of Ms. Keefer's Rule 35(b) motion as untimely.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Ms. Keefer was indicted by a Berkeley County Grand Jury in February 2020 for committing four felony offenses[1] while she was employed as a corrections officer at

---

[1] Ms. Keefer was indicted for one count of conspiracy to violate West Virginia Code § 61-5-8(g)(1), which prohibits possession of contraband in jail by an

1

the Eastern Regional Jail and Corrections Facility. In accordance with a plea agreement she entered with the State, Ms. Keefer agreed to plead guilty to one count of conspiracy to violate West Virginia Code § 61-5-8(g)(1), which prohibits possession of contraband in jail by an inmate, in violation of West Virginia Code § 61-10-31; and one count of accepting a bribe in violation of West Virginia Code § 61-5A-3. In turn, the State agreed to dismiss the remaining charges. Although the State retained the right to present certain evidence pertinent to sentencing, it agreed to make no recommendation regarding the sentence to be imposed. The circuit court accepted Ms. Keefer's guilty plea on November 10, 2020.

A sentencing hearing was held on January 12, 2021, during which Ms. Keefer requested home confinement or, in the alternative, concurrent sentences. The circuit court denied both requests and imposed consecutive sentences of not less than one nor more than five years for the conspiracy conviction, and not less than one nor more than ten years for the bribery conviction, for an aggregate term of not less than two nor more than fifteen years. The circuit court verbally pronounced the sentence during the hearing. Subsequently, the sentence was memorialized in a "Final Sentencing Order" entered on January 19, 2021.

inmate, in violation of West Virginia Code § 61-10-31; one count of accepting a bribe in violation of West Virginia Code § 61-5A-3; one count of conspiracy to violate West Virginia Code § 60A-4-401(a)(ii), which prohibits possession with intent to deliver buprenorphine, in violation of West Virginia Code § 60A-4-414; and one count of transporting a controlled substance into jail in violation of West Virginia Code § 61-5-8(c)(1).

The written order expressly stated that Ms. Keefer's effective sentencing date was January 12, 2021.

On March 22, 2021, Ms. Keefer filed an initial motion to reduce her sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied the motion on the merits by order entered on March 25, 2021. Ms. Keefer filed a second Rule 35(b) motion to reduce her sentence on May 17, 2021. By order entered on May 19, 2021, the circuit court found Ms. Keefer's second motion was not timely as it was filed more than 120 days after the sentencing hearing held on January 12, 2021. The circuit court also held that had the motion been timely, it would still deny Ms. Keefer's motion on the merits.

This appeal followed, and Ms. Keefer raises the single question of whether the period of "120 days after the sentence is imposed," as set forth in Rule 35(b), is calculated from the sentencing hearing at which the circuit court verbally pronounces the sentence or from the date of the order memorializing the previously-announced sentence.[2] Ms. Keefer does not request oral argument of this case, "given the nature of the issue at bar and given the fact that there does not appear to be a need for factual development." The State similarly opines that "oral argument is unnecessary because the facts and legal

---

[2] Once the triggering event is established, Rule 45(a) of the West Virginia Rules of Criminal Procedure governs computation of the time frame.

3

arguments are adequately presented in the briefs and the record in this case," and suggests the case "is appropriate for resolution by memorandum decision." *See* W. Va. R. App. P. 21(a) ("At any time after a case is mature for consideration, the . . . Supreme Court may issue a memorandum decision addressing the merits of the case."). While we agree that oral argument is unnecessary, we find this case is not appropriate for resolution by memorandum decision due to the need to clarify the proper application of Rule 35(b). Accordingly, in these very limited circumstances involving a purely legal question addressing the proper application of a procedural rule of this Court, with adequately presented facts and waiver of oral argument by the parties, we exercise our discretion to issue a signed opinion without oral argument. *See* W. Va. R. App. P. 18(a) (acknowledging that oral argument is unnecessary when "(1) all of the parties have waived oral argument; or . . . (4) the facts and legal arguments are adequately presented in the briefs and record on appeal, and the decisional process would not be significantly aided by oral argument.").

## II.

## STANDARD OF REVIEW

We generally apply a three-part test when reviewing a circuit court's decision on a Rule 35(b) motion for reduction of a sentence.

> "'In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of

4

discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996)." Syllabus Point 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016).

Syl. pt. 1, *State v. Walker*, 244 W. Va. 61, 851 S.E.2d 507 (2020). In this instance, the relevant facts are undisputed, and we are presented with a purely legal query involving the interpretation of a rule of procedure. "[O]ur review is plenary on . . . issues . . . pertaining to the interpretation of state statutes and court rules." *State v. Davis*, 236 W. Va. 550, 554, 782 S.E.2d 423, 427 (2015). *See also* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the trial court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Based on this authority, we review de novo the issue presented concerning the interpretation of Rule 35(b).

## III.

## DISCUSSION

Under the circuit court's interpretation of Rule 35(b), a sentence is imposed for purposes of the 120-day time frame when the defendant's sentence is verbally announced at the sentencing hearing. Ms. Keefer argues that this interpretation of Rule 35(b) is clearly erroneous. She contends that, because a circuit court speaks only through its orders, the 120-day time frame does not begin until the sentencing order is entered. *See,*

*e.g.*, *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973) ("A court of record speaks only through its orders[.]"). The State responds that, if the circuit court's application of the Rule 35(b) time frame was erroneous, such error was harmless given the circuit court's ruling that it would also deny the motion on the merits.

Ms. Keefer's reliance on the principle that a court of record speaks only through its orders is misplaced, because she takes that rule out of its proper context. Viewed correctly, this legal tenet is largely based on the role of an appellate court as a court of review that is limited to the record created below:

> "It is essential that there has been a decision of an inferior court, since an appellate court is, on appeal, a court of review and not a court of first instance, exercising jurisdiction only in reviewing the rulings of the trial court, and being limited to a review of the judgment, order, or decree of the court from which the appeal is taken."

*Wells v. Roberts*, 167 W. Va. 580, 586, 280 S.E.2d 266, 270 (1981) (quoting *City of Huntington v. Chesapeake & Potomac Tel. Co.*, 154 W. Va. 634, 639, 177 S.E.2d 591, 595 (1970), and declining to address an issue that was not raised in the lower court).[3] The

---

[3] *See also Taylor v. W. Va. Dep't of Health & Hum. Res.*, 237 W. Va. 549, 558, 788 S.E.2d 295, 304 (2016) ("We caution circuit courts, however, that the burden of issuing an order which meets this Court's requirements, which requirements are designed to permit meaningful appellate review, ultimately remains on the circuit court. It is incumbent on the trial court to determine if the submitted order accurately reflects the court ruling given that it is well-established that '[a] court of record speaks only through its orders [.]' *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973)."). We similarly have commented that

principle that a circuit court speaks through its orders has been applied in appeals where, for example, there is a conflict between the order being appealed and an oral statement by the lower court;[4] a circuit court judge has filed an improper response to an appeal;[5] an issue was not properly presented to and considered by a circuit court;[6] good cause for a

> [t]he importance of the careful compilation and maintenance of complete and accurate records to our judicial system and appellate process can scarcely be overemphasized. "A court of record speaks only through its orders[.]" *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 718, 207 S.E.2d 105, 107 (1973) (citations omitted). Furthermore, "[c]ourts of record can speak only by their records, and what does not so appear does not exist in law." Syllabus Point 3, *Hudgins v. Crowder and Freeman, Inc.*, 156 W. Va. 111, 191 S.E.2d 443 (1972).

*State ex rel. Core v. Merrifield*, 202 W. Va. 100, 116, 502 S.E.2d 197, 213 (1998) (per curiam). *See also Certegy Check Servs., Inc. v. Fuller*, 241 W. Va. 701, 705, 828 S.E.2d 89, 93 (2019) ("A circuit court speaks through its written orders, which, as a rule, must contain the requisite findings of fact and conclusions of law to permit meaningful appellate review." (quotations and citation omitted)).

[4] *In re A.C.*, No. 20-0441, 2020 WL 7259202, at *6 (W. Va. Dec. 10, 2020) (memorandum decision) (observing that "'where a circuit court's written order conflicts with its oral statement, the written order controls.'" (quoting *Tennant v. Marion Health Care Found., Inc.*, 194 W. Va. 97, 107 n.5, 459 S.E.2d 374, 384 n.5 (1995))).

[5] *In re I.S.A.*, 244 W. Va. 162, 165 n.7, 852 S.E.2d 229, 232 n.7 (2020) (declining to consider on appeal a responsive pleading from the presiding circuit court judge).

[6] *Stephens v. W. Va. Coll. of Grad. Stud.*, 203 W. Va. 81, 88, 506 S.E.2d 336, 343 (1998) (per curiam) (relying, in part, on principle that a court of record speaks only through its orders in declining to address issue not raised in circuit court).

continuance was not established by a court order;[7] and a party sought to compel a circuit court judge to testify regarding the manner in which an official proceeding had been conducted.[8] Likewise, a stipulation or other non-record evidence may not be used to contradict an order on appeal. *See State ex rel. Mynes v. Kessel*, 152 W. Va. 37, 52, 158 S.E.2d 896, 906 (1968) (finding that, absent fraud, mistake, or conflicts appearing in the record, a stipulation cannot "be entertained or considered by this Court to contradict the provisions of the orders. This Court has held in numerous cases that courts of record can speak only by their record and what does not so appear does not exist in law.").

Outside the context of appellate review, we have found in certain circumstances that "[g]enerally, an order is effective when a court announces it." Syl. pt. 1, *Moats v. Preston Cnty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999). *Moats* addressed whether the county commission was "immune from suit and liability for damages . . . under the West Virginia Governmental Tort Claims and Insurance Reform Act . . . by reason of enforcing and executing [an] order of the mental hygiene commissioner" when the Sheriff

---

[7] *Powers v. Trent*, 129 W. Va. 427, 427, 40 S.E.2d 837, 837 (1946) (holding, at Syllabus point 2, that "[c]ourts of record can speak only by their record and what does not so appear does not exist in law," and declining to find on appeal that good cause for continuance existed where no good cause was reflected in the appellate record).

[8] *State ex rel. Kaufman v. Zakaib*, 207 W. Va. 662, 671, 535 S.E.2d 727, 736 (2000) ("The prohibition against compelling the testimony of a judge is reflected in a long-standing principle of our jurisprudence, namely, that a court speaks only through its orders.").

executing the order did not have possession of a written order. *Id*. at 12, 521 S.E.2d at 184. The Court found there was immunity and held that "[a]n oral order has the same force, effect, and validity in the law as a written order. In other words, the actual physical possession of a written order is not required to effectuate said order." Syl. pt. 2, *id*.

We have similarly recognized that "'[o]ne may be charged with contempt for violating a court's order, of which he has actual knowledge, notwithstanding that at the time of the violation the order had not yet been formally drawn up.' Syllabus Point 2, *Hendershot v. Handlan*, 162 W. Va. 175, 248 S.E.2d 273 (1978)." Syl. pt. 3, *State ex rel. Walker v. Giardina*, 170 W. Va. 483, 294 S.E.2d 900 (1982). *See also* Syl. pt. 2, in part, *State v. Farmer*, 173 W. Va. 285, 315 S.E.2d 392 (1983) ("[A] police officer may always make a warrantless arrest for a felony committed in his presence or when there is an outstanding warrant for the individual arrested, although the warrant may not be in the possession of the arresting officer."). Based on this Court's precedent, the principle that a court of record speaks only through its orders does not apply as broadly as Ms. Keefer argues, and we find the rule has no application in determining the proper interpretation of Rule 35(b). Having disposed of Ms. Keefer's theory, we now analyze Rule 35(b).

The 120-day period set out in Rule 35(b) is jurisdictional: "A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is

9

filed outside the 120-day filing period set out under that rule." Syl. pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017). Furthermore, "Rule 45(b)(2) [of the West Virginia Rules of Criminal Procedure] prohibits enlargement of that time period." *Id.* at 771, 806 S.E.2d at 427. However, we have not definitively identified when the 120-day period is triggered. According to Rule 35(b),

> [a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion *within 120 days after the sentence is imposed* or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

W. Va. R. Crim. P. 35(b) (emphasis added). Given the forgoing language, to resolve Ms. Keefer's appeal we must determine when a "sentence is imposed" for purposes of Rule 35(b).

Several federal courts addressing when a sentence is imposed in contexts other than federal Rule 35(b) have determined that a sentence is imposed when it is orally pronounced. *See, e.g.*, *United States v. Montoya*, 48 F.4th 1028, 1034 (9th Cir. 2022) (explaining that "[t]he imposition of a sentence occurs at the sentencing hearing, so the district court must orally pronounce a sentence"); *United States v. Nix*, No. 6:14-CR-06181

10

EAW, 2022 WL 1746775, at \*3 (W.D.N.Y. May 31, 2022) (observing that, for purposes of § 403(b) of the federal First Step Act of 2018, "'a sentence is "imposed" when the district court orally pronounces it'" (quoting *United States v. Eldridge*, 2 F.4th 27, 40 (2d Cir. 2021))); *United States v. Pettaway*, No. 4:06 CR 98, 2021 WL 5566158, at \*11 (E.D. Va. Nov. 29, 2021) (recognizing that "the Fourth Circuit has interpreted the plain language of § 401(c) and § 403(b) [of the First Step Act] . . . as being 'triggered' as soon as a district court orally imposes a sentence, rejecting claims by defendants that a sentence is not 'imposed' until it has been reviewed on appeal and finalized"); *Young v. United States*, 943 F.3d 460, 463 (D.C. Cir. 2019) (acknowledging that, "[i]n standard usage, . . . a sentence is 'imposed' when the district court passes sentence on a defendant"); *United States v. Davis*, 924 F.3d 899, 905 n.4 (6th Cir. 2019) (commenting "we have strongly implied that a sentence is imposed when it is orally pronounced").

Additionally, we commonly look to corresponding federal rules for guidance in interpreting our own procedural rules:

> "when codified procedural rules . . . of West Virginia are patterned after the corresponding federal rules, federal decisions interpreting those rules are persuasive guides in the interpretation of our rules."

*State v. Kaufman*, 227 W. Va. 537, 553 n.33, 711 S.E.2d 607, 623 n.33 (2011) (citations omitted). In other words,

> [a]lthough we are not bound by the interpretation federal courts placed on a former version of its Rule 35(b), we

11

find the decisions of those courts persuasive on the question of jurisdiction. *See State v. Sutphin*, 195 W. Va. 551, 563, 466 S.E.2d 402, 414 (1995) ("[W]e have repeatedly recognized that when codified procedural rules . . . of West Virginia are patterned after the corresponding federal rules, federal decisions interpreting those rules are persuasive guides in the interpretation of our rules." (citations omitted)).

*Sims*, 239 W. Va. at 772-73, 806 S.E.2d at 428-29 (footnote omitted). *But see id.* at 772-73 n.22, 806 S.E.2d 428-29 n.22 (noting that this Court has previously declined to follow the interpretation federal courts have given to a "reasonable period" under an earlier version of federal Rule 35(b)).

We are persuaded by the interpretation a federal court has given to the phrase "sentence is imposed" under a prior version of federal Rule 35(b) that is similar to our own rule. *See United States v. DeVito*, 99 F.R.D. 113 (D. Conn. 1983).[9] The *DeVito* court

---

[9] The version of federal Rule 35(b) at issue in *DeVito*, provided as follows:

> (b) *Reduction of Sentence.* The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

99 F.R.D. at 114 n.1 (quoting Fed. R. Crim. P. 35(b) (1979 amended version)).

12

concluded that a sentence is "imposed" under Rule 35(b) when it is orally pronounced and

explained that

> the imposition of sentence for Rule 35 purposes occurs at the oral pronouncement of sentence rather than upon the filing of the judgment and commitment order. *See Lam Man Chung v. United States*, 419 F. Supp. 1287, 1288-89 (S.D.N.Y. 1976). To hold otherwise would be to conclude that the sentence, although pronounced in court, is only actually imposed on the defendant by the subsequent filing of "mere evidence" of the only legally cognizable sentence. Moreover, Rule 43, Fed. R. Crim. P., provides further support for the view that under Rule 35 a sentence is imposed when orally pronounced in court in the presence of the defendant rather than upon the filing of the judgment and commitment order. Rule 43(a) provides that "the defendant shall be present . . . at the *imposition* of sentence, except as otherwise provided by this rule" (emphasis supplied). Generally, the defendant must be and is present in court when a judge orally pronounces a sentence. Also, generally, the defendant is not and would not be present when the judgment and commitment is filed. Therefore[,] the imposition of sentence envisioned in Rule 43 must be the judge's oral pronouncement of the sentence in court and not the filing of the judgment and commitment order. *See Lam Man Chung, supra*, at 1288-89. The Court thus finds that the same moment of imposition that is contemplated in Rule 43 is referred to in Rule 35 in the phrase, "after the sentence is imposed."

*Id.* at 115-16 (footnote omitted).[10] Notably, Rule 43(a) of the West Virginia Rules of

Criminal Procedure likewise mandates "[t]he defendant shall be present . . . at the

imposition of sentence, except as otherwise provided by this rule." *See also* Syl. pt. 5, in

---

[10] The current amended version of Rule 35 of the Federal Rules of Criminal Procedure clarifies that "[a]s used in this rule, 'sentencing' means the oral announcement of the sentence." F. R. Crim. P. 35(c).

13

part, *State v. Byers*, \_\_\_ W. Va. \_\_\_, 875 S.E.2d 306 (2022) ("A defendant has a due process right to be present at the imposition of sentence pursuant to Rule 43(a) of the West Virginia Rules of Criminal Procedure, West Virginia Code § 62-3-2 (1923), and both Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution."). As the *DeVito* court pointed out, a defendant is not likely to be present when a sentencing order is entered, thus Rule 43(a) must envision "the imposition of sentence" to be the pronouncement of the sentence at the sentencing hearing. Reading Rule 35(b) in a manner consistent with Rule 43(a), the phrase "sentence is imposed" necessarily also refers to the verbal announcement of the sentence at the sentencing hearing.

In view of the foregoing authority and discussion, we now hold that a sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing. Applying this holding to the facts of this case, we find no error in the circuit court's ruling that Ms. Keefer's second motion seeking to reduce her sentence was not timely because it was filed more than 120 days after her sentencing hearing.

14

## IV.

## CONCLUSION

For the reasons explained above, we affirm the May 19, 2021 order of the Circuit Court of Berkeley County, denying Ms. Keefer's Rule 35(b) motion for reduction of a sentence as untimely.

Affirmed.