956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Murl Herman CRAIG, Defendant-Appellant.
 No. 90-10429.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 27, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murl Craig appeals pro se the district court's denial of his motion for a new trial on the grounds of newly discovered evidence. He argues that the court erred in denying the motion, refusing to hold an evidentiary hearing on the motion, and refusing to appoint counsel for him on the motion. Because the district court applied an incorrect legal standard in ruling on Craig's motion to appoint counsel, we reverse and remand.
 
 BACKGROUND
 
 3
 After a jury trial, Craig was convicted on February 15, 1989 of armed bank robbery. Before sentencing, Craig filed a motion attempting to correct errors in the presentence report and seeking an evidentiary hearing. His motion was denied. Craig also filed a motion for new trial based on alleged newly discovered evidence, prosecutorial misconduct and ineffective assistance of counsel. That motion was also denied. On July 20, 1989, Craig was sentenced as a career criminal to 25 years imprisonment and 5 years supervised release. Craig appealed his conviction and sentence to this court, which affirmed in a memorandum disposition filed on August 20, 1990.
 
 
 4
 Craig has had several attorneys. His trial attorney received permission to withdraw, as did a second attorney. He was represented by a third attorney at sentencing; that attorney also received permission to withdraw. A fourth attorney represented him on appeal.
 
 
 5
 On November 16, 1989, Craig filed a second motion for a new trial. He claimed that he had read a transcript of a taped confession by another prisoner, Ronald Dale Howell, in which Howell stated he, not Craig, had committed the robbery for which Craig was convicted. In support of his motion, Craig submitted only his own affidavit and the affidavit of Jay Alan Rothstein (an attorney who at that time had been disbarred) describing Rothstein's conversation with Howell in which Howell again confessed to the crime. Craig also asked the court to appoint counsel for him on the motion.
 
 
 6
 The court refused to appoint counsel. Without conducting an evidentiary hearing, it denied Craig's motion for a new trial. Craig appeals these rulings.
 
 JURISDICTION
 
 7
 Craig filed his motion for a new trial while his appeal of his conviction and sentence were pending before this court. Nonetheless, the district court had jurisdiction to consider and to deny the motion, although it could not have granted the motion without requesting a remand from the court of appeals. United States v. Coleman, 688 F.2d 663, 664 (9th Cir.1982); United States v. Frame, 454 F.2d 1136, 1137-38 (9th Cir.), cert. denied, 406 U.S. 955 (1972).
 
 DISCUSSION
 
 8
 Although he was already represented by counsel on his appeal, Craig requested representation on his motion for a new trial. The district court reasoned that this issue was a matter of discretion, and refused to appoint counsel.
 
 
 9
 The district court applied an incorrect legal standard. It relied on Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). However, Chaney discusses the appointment of counsel for habeas petitions; in that context, the district court has discretion to appoint counsel when to do so would be in the interests of justice. In contrast, this court has held that "at least in the absence of extraordinary circumstances, an accused who requests an attorney at the time of a motion for a new trial is entitled to have one appointed, unless the government can show that the request is made for a bad faith purpose." Menefield v. Borg, 881 F.2d 696, 700 (9th Cir.1989).
 
 
 10
 In denying Craig's request for counsel, the district court made no finding with regard to bad faith. Under Menefield, therefore, we must reverse. On remand, the district court must appoint counsel for Craig unless it finds that his request for counsel was made in bad faith.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the outcome may of course change if the district court decides Craig is entitled to counsel, we find no error based on the current record in the district court's decision not to conduct an evidentiary hearing and its denial of Craig's motion for a new trial
 This court has held that an evidentiary hearing "must be granted unless the alleged misconduct could not have affected the verdict or the district court can determine from the record before it that the allegations are without credibility." United States v. Navarro-Garcia, 926 F.2d 818 (9th Cir.1991). Here, because Craig failed to produce the transcript or tape of Howell's confession or an affidavit by Howell, and because Howell and Craig had previously escaped from prison together, the district court concluded that Howell's testimony was not credible and would not result in a different outcome. The district court did not abuse its discretion in reaching this decision.
 In addition, the district court did not err in denying Craig's motion for a new trial. To prevail on a motion for a new trial on grounds of newly discovered evidence a defendant is required to meet five criteria: "the evidence must be, in fact, newly discovered; the motion must allege facts from which the court can infer diligence on the part of the movant in attempting to secure the evidence; the evidence must be more than merely cumulative or impeaching; it must be material to the issues involved; and it must be such as, on a new trial, would probably produce an acquittal." United States v. Kenny, 645 F.2d 1323, 1343 (9th Cir.), cert. denied, 452 U.S. 910 (1981). The district court found that Craig had not shown "that the new evidence would probably produce an acquittal." It noted that three witnesses had identified Craig as the person who robbed the bank. After examining the pictures of Howell and Craig, the district court also concluded they did not look alike. The district court did not abuse its discretion in its ruling on this issue.