# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2019 Term

_____

No. 17-0972

_____

FILED

May 17, 2019

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

CERTEGY CHECK SERVICES, INC. and
COMPLETE PAYMENT RECOVERY SERVICES, INC.,
Petitioners Below, Petitioners

v.

JANICE FULLER,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Mercer County
The Honorable Mark Wills, Judge
Civil Action No. 17-C-147-MW

VACATED AND REMANDED
_____

Submitted: March 5, 2019
Filed: May 17, 2019

D. Kyle Deak, Esq.
Troutman Sanders LLP
Raleigh, North Carolina
John C. Lynch, Esq.
Jonathan M. Kenney, Esq.
Troutman Sanders LLP
Virginia Beach, Virginia
Counsel for the Petitioners

Steven R. Broadwater, Jr., Esq.
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Hamilton, Burgess, Young & Pollard,
PLLC
Fayetteville, West Virginia
Counsel for the Respondent

**JUSTICE ARMSTEAD delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013).

2. When a circuit court denies a motion to compel arbitration, the circuit court's order must contain the requisite findings of fact and conclusions of law that form the basis of its decision.

**Armstead, Justice:**

This is an interlocutory appeal of a circuit court's order denying a motion to compel arbitration. Based on the record before us, the arguments of the parties, and the applicable law, we find that the circuit court's order does not contain sufficient findings of fact and conclusions of law for this Court to conduct a proper review. Therefore, we vacate the circuit court's order denying the motion to compel and remand this matter to the circuit court for further proceedings, including the determination of whether any arbitration agreement exists between the parties and, if an agreement exists, whether that agreement is unconscionable.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Janice Fuller, was in Las Vegas, Nevada, in January or February 2016. According to Ms. Fuller, she stayed at a hotel and paid for her stay with two "convenience checks" drawn on her credit card account. She says that her credit card company "processed the checks" and added them to her bill. She claims that she paid her bill in full when she returned home.

Defendant Complete Payment Recovery Systems, Inc. ("**Complete Payment**"), is a debt collector and a subsidiary of Defendant Certegy Check Services, Inc. ("**Certegy**"). Certegy is a risk management company. Together, they work with a third (and apparently unrelated) company called Global Payments Gaming Services, Inc., that operates a "VIP Preferred Program" for "gaming establishments" and their customers. According to Certegy and Complete Payment, Ms. Fuller signed up for the program and

1

used it to conduct "two check transactions" in January and February 2016, which they say were "returned as unpaid."

Sometime afterward, Complete Payment attempted to collect this alleged debt from Ms. Fuller. Ms. Fuller claims she protested the debt and demanded to be left alone, but Certegy and Complete Payment persisted in their collection efforts.

Ms. Fuller sued them in the Circuit Court of Mercer County. She claims that the defendants invaded her privacy and violated the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-1-101 to -8-102 (2018). Certegy and Complete Payment answered the Complaint and later moved to compel arbitration.

Certegy and Complete Payment supported their motion to compel arbitration with affidavits and exhibits. The exhibits include two "VIP Preferred™ Check Cashing Enrollment Forms" (the "**Enrollment Forms**"). The Enrollment Forms appear to be identical, apart from signatures and other handwritten notations. Both Enrollment Forms contain an arbitration clause that says that "any dispute . . . shall be finally resolved by arbitration[.]"[1] What purports to be Ms. Fuller's signature appears on the second page of

---

[1] The entire arbitration clause states as follows:

> Any dispute arising out of or relating to the TOS [i.e., the "Terms of Service" stated in the Enrollment Form] or the Services, regarding Global Payments or its Service Providers or any affiliate thereof, shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitration will be conducted in the

each enrollment form. An affidavit produced by Certegy and Complete Payment avers that the attachments are bona fide copies and that Ms. Fuller signed the original Enrollment Forms. According to the affidavit, the Enrollment Form "is presented to the customer as a paper document, rather than in an electronic format." "[T]he customer must review and physically fill out and sign the document." The affidavit asserts that "receiving and signing" an Enrollment Form (which contains the arbitration clause) is an essential condition of participation in the VIP Preferred Program.

Ms. Fuller opposed the motion to compel arbitration and filed her own affidavit. In her affidavit—and apparently in reference to the Enrollment Forms—she states that she "was never presented with the documents[.]" She also appears to allege that

---

English language in accordance with the United States Arbitration Act. There shall be one arbitrator, named in accordance with such rules. The arbitrator shall decide the dispute in accordance with the substantive law of the state of Florida. The award of the arbitrator shall be accompanied by a statement of the reasons upon which the award is based. Any arbitration arising out of the TOS or the Services shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis or on bases involving claims brought in a purported representative capacity on behalf of others. Claims may not be joined or consolidated unless agreed to in writing by all parties. No award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

According to the Enrollment Forms, "[a]ll references to 'Service Providers' in these TOS shall refer to Service Providers retained by Global [Payments] in its sole discretion to perform some or all of the Services and may include, but not be limited to, Certegy Check Services, Inc."

her signatures on the forms were applied electronically. She states, "[w]hen I cashed my checks, I was told to electronically sign a card reader terminal. . . . My signature was electronically placed upon the documents."[2] She goes on to claim that the signing process was "rushed" and unfair. She asserts that she will "have to abandon [her] claim" if the court enforces the terms of the alleged arbitration agreement.

The circuit court held a brief hearing on the motion to compel arbitration. The court heard arguments from counsel, but no witnesses testified.

The circuit court entered an order on October 5, 2017, denying the motion to compel arbitration. The circuit court's order is unclear and contradictory in its rulings. On the one hand, the order declares that "[t]here was no evidence presented that shows the Plaintiff agreed to the terms of this contract." On the other hand, the order reports that "the contract has many sophisticated terms" and identifies several terms contained in the Enrollment Forms, leading to the court's apparent finding that the contract was unconscionable. In sum, the circuit court's order appears to have determined (despite the parties' offers of conflicting evidence) that no arbitration agreement was formed and to have determined, simultaneously, that the arbitration agreement was unconscionable and should not be enforced.

Certegy and Complete Payment filed a timely appeal from the circuit court's October 5, 2017 order.

---

[2] It would seem that, if she only signed electronically, she signed electronically at least five separate times. No signatures appear to match.

## II. STANDARD OF REVIEW

Certegy and Complete Payment appeal an interlocutory order denying their motion to compel arbitration. "Typically, interlocutory orders are not subject to this Court's appellate jurisdiction." *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 522, 745 S.E.2d 556, 560 (2013). Yet this matter is properly before us. "An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. Pt. 1, *Credit Acceptance*, 231 W. Va. 518, 745 S.E.2d 556.

In these matters, we apply a *de novo* standard of review. *See, e.g.*, Syl. Pt. 1, *W. Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017) ("When an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*."); and *Salem Int'l Univ., LLC v. Bates*, 238 W. Va. 229, 233, 793 S.E.2d 879, 883 (2016) (applying a *de novo* standard of review to a "motion to stay proceedings pending mandatory alternative dispute resolution [i.e., binding arbitration]").

## III. ANALYSIS

Certegy and Complete Payment moved to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (2002) ("**FAA**"). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1947). Accordingly, when a party moves to compel arbitration, "the authority of the trial court is limited to

determining the threshold issues of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement." Syl. Pt. 2 (in part), *State ex rel. TD Ameritrade, Inc. v. Kaufman*, 225 W. Va. 250, 692 S.E.2d 293 (2010).

The parties confine their dispute to the first issue: "whether a valid arbitration agreement exists between the parties[.]" *Id.* This question is one of state law. *Brown ex rel. Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 673, 724 S.E.2d 250, 277 (2011), *overruled on other grounds by Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 132 S. Ct. 1201, 182 L. Ed. 2d 42 (2012) ("***Brown I***") ("State law governs the determination of whether a party agreed to arbitrate a particular dispute."); *see also State ex rel. Clites v. Clawges*, 224 W. Va. 299, 305, 685 S.E.2d 693, 699 (2009) ("[T]he issue of whether an arbitration agreement is a *valid* contract is a matter of state contract law and capable of state judicial review." (emphasis in original)). "Nothing in the Federal Arbitration Act, 9 U.S.C. § 2, overrides normal rules of contract interpretation. Generally applicable contract defenses—such as laches, estoppel, waiver, fraud, duress, or unconscionability—may be applied to invalidate an arbitration agreement." Syl. Pt. 9, *Brown I*, 228 W. Va. 646, 724 S.E.2d 250.

The threshold issue—"whether a valid arbitration agreement exists"—is really two intertwined issues. First, is there an agreement? Second, if there is an agreement, is it valid (i.e., in the sense of being enforceable)?

"Arbitration is a matter of contract, and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate." *State ex rel. U-Haul Co. of W. Virginia v. Zakaib*, 232 W. Va. 432, 439, 752 S.E.2d 586, 593 (2013). To determine whether an arbitration agreement exists, we look to basic contract law. "The fundamentals of a legal contract are competent parties, legal subject matter, valuable consideration and mutual assent. There can be no contract if there is one of these essential elements upon which the minds of the parties are not in agreement." Syl. Pt. 5, *Virginian Exp. Coal Co. v. Rowland Land Co.*, 100 W. Va. 559, 131 S.E. 253 (1926); *see also Atl. Credit & Fin. Special Fin. Unit, LLC v. Stacy*, No. 17-0615, 2018 WL 5310172, at \*5 (W. Va. Oct. 26, 2018) (memorandum decision) (quoting *Virginian Export* and stating that these fundamentals are "well-established").

According to Ms. Fuller, the circuit court determined that there was no arbitration agreement. She directs our attention to the circuit court's statement that "[t]here was no evidence presented that shows the Plaintiff agreed to the terms of this contract." She points to the circuit court's express finding and conclusion "that there was no agreement by the Plaintiff to arbitrate."[3]

---

[3] Ms. Fuller moved this Court to "dismiss this appeal for lack of controversy" based on the same theory. She supported her motion with an additional quote from the order: "'This [contract] is certainly not a "bargained for exchange."'" (The order actually says, "This certainly is not . . . .") We are uncertain that, with or without the insertion, this sentence from the order actually supports her position. In context, the circuit court seems to be addressing (alleged) procedural unconscionability. In any event, we denied the motion to dismiss the appeal.

7

Certegy and Complete Payment reject this reading of the order. They refer us to the order's "structure and language" and, in particular, to the circuit court's discussion of unconscionability. To accept Ms. Fuller's position, they say, would require this Court to find that the circuit court order is composed of dicta. As they construe the circuit court's order, the circuit court "found [that] there was no enforceable arbitration agreement based on its belief that the Arbitration Provision was unconscionable, not on any lack of formation."

It is unclear what legal theory or facts the circuit court relied upon when considering the motion to compel. "A circuit court speaks through its written orders, which, as a rule, must contain the requisite findings of fact and conclusions of law to permit meaningful appellate review." *State v. Allman*, 234 W. Va. 435, 438, 765 S.E.2d 591, 594 (2014) (cleaned up). We have held that "a circuit court's order dismissing a case 'must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.'" *Brown I*, 228 W. Va. at 689, 724 S.E.2d at 293 (*quoting* Syl. Pt. 3 (in part), *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997)).

We have also held that, "[a] circuit court's order denying summary judgment on qualified immunity grounds on the basis of disputed issues of material fact must contain sufficient detail to permit meaningful appellate review" and that the order must not only "identify those material facts which are disputed by competent evidence" but also "provide a description of the competing evidence or inferences therefrom giving rise to the dispute

8

which preclude summary disposition." Syl. Pt. 4, *W. Virginia Dep't of Health & Human Res. v. Payne*, 231 W. Va. 563, 746 S.E.2d 554 (2013).

We believe that a similar rule should apply when a circuit court denies a party's motion to compel arbitration. We hold that when a circuit court denies a motion to compel arbitration, the circuit court's order must contain the requisite findings of fact and conclusions of law that form the basis of its decision.

In the case at bar, the parties presented competing versions of the facts by way of affidavits, but the circuit court never clearly identified which of these facts it relied upon and never resolved the disputes between the parties. We believe that, in order to facilitate review, the circuit court necessarily had to resolve the disputed facts relevant to resolution of the motion at hand. *See* Syl. Pt. 4, *Payne*, 231 W. Va. 563, 746 S.E.2d 554.

We also note that the circuit court's order never expressly says that the alleged arbitration agreement is unconscionable, whether procedurally or substantively. The circuit court provides an extensive summary of the law of unconscionability, and it follows this summary with a series of statements about matters that might have a bearing on whether the arbitration agreement is unconscionable. However, it does not apply the law to the facts to reach a sound conclusion regarding unconscionability.

The circuit court must apply the law to the facts to reach conclusions of law that explain the court's decision. It is not enough to provide an accurate summary of the law. The court must identify the particular doctrines of the law that guide its thinking; then it must connect these doctrines to the particular facts that warrant its decision. "Without

9

factual or legal findings, this Court is greatly at sea without a chart or compass in making a determination as to whether the circuit court's decision was right or wrong." *Brown I*, 228 W. Va. at 689, 724 S.E.2d at 293.

We have said that "[t]he interpretation of a court's order is a question of law, which we review *de novo*" and that "we apply the same rules of construction [to an order] as we use to construe other written instruments." Syl. Pt. 6 (in part), *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W. Va. 252, 719 S.E.2d 722 (2011). We have professed a duty to construe ambiguous orders before we apply them. Syl. Pt. 7, *Bedell*, 228 W. Va. 252, 719 S.E.2d 722. We think it is one thing for us to say what a particular term means in the context of a reasonably clear order (*see Bedell*, 228 W. Va. at 268, 719 S.E.2d at 738 (construing "medical information")) and something else for us to guess at a circuit court's reasoning or even its decision. That is not fair to the circuit court, which may have had compelling reasons for its decision. It is certainly not fair to the parties. Because the circuit court failed to provide sufficient findings of fact and conclusions of law to support its holding, we must remand this case for the circuit court to make such findings and conclusions.

## IV. CONCLUSION

The circuit court has provided a detailed statement of the law relating to the formation of a contract to compel arbitration and the circumstances in which such a contract may be procedurally and substantively unconscionable. However, the court's order does not contain sufficient findings of fact and application of the law to those facts to allow this

10

Court to conduct a reasonable review of the circuit court's decision.  Based on the foregoing, the decision of the Circuit Court of Mercer County denying the motion to compel arbitration is vacated, and we remand this matter to the circuit court for further proceedings.

Vacated and remanded.

11