**FILED**

**August 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Carol Greenfield,**
**Defendant Below, Petitioner**

**vs.) No. 20-0006** (Berkeley County 18-C-288)

**BTIC Investments, LLC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carol Greenfield, by counsel Floyd M. Sayre, III, appeals the Circuit Court of Berkeley County's December 5, 2019, final order granting summary judgment for BTIC Investments, LLC. Respondent, BTIC Investments, LLC ("BTIC"), by counsel Christopher P. Stroech, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, the parties executed a commercial purchase agreement ("the contract") whereby BTIC (or "Purchaser") agreed to purchase real property, identified as Lot 1 and Lot 27 in Tarico Heights, Bunker Hill, West Virginia, from Ms. Greenfield (or "Seller"). The parties agreed to a purchase price of $62,000, and BTIC paid a $500 deposit. Among other terms, the contract provided for a feasibility period of thirty days, with an option to cure title and survey defects, as found in paragraph five, which follows:

> Title and Survey Objections Purchaser may, at its sole expense, obtain a title insurance commitment and a survey for the Property. Prior to the expiration of the Feasibility Period, Purchaser shall notify the Seller in writing as to any title or survey objections regarding the Property that the Purchaser is unwilling to accept (collectively the "Title Objections"). Seller shall advise Purchaser in writing within ten (10) days after receipt of such notice, which if any of the Title Objections will not be cured by Seller at or prior to Settlement. If Seller fails to respond to Purchaser within such ten (10) day period or if Seller's response

1

indicates that it does not intend to cure one or more of the Title Objections, then Purchaser may, at its option either (i) terminate this Agreement by giving written notice to Seller; (ii) cure such Title Objections at its own expense and proceed to Settlement with no reduction in the Purchase Price; or (iii) waive such Title Objections and proceed to Settlement, with no reduction in the Purchase Price. If Purchaser elects to terminate this Agreement, the Deposit shall be refunded in full to Purchaser and the parties shall have no further obligation or liability to one another, except for any liability pursuant to the indemnity provisions of Paragraphs 4D., 10 and 11.

During the feasibility period, BTIC discovered that a structure located on an adjacent lot ("Lot 28," also owned by Ms. Greenfield, but not subject to purchase by BTIC under the terms of the contract) encroached approximately one-and-one-half feet onto Lot 27. BTIC notified Ms. Greenfield of its objection in response to the encroachment revealed by the survey on June 4, 2018, and requested that Ms. Greenfield cure the defect at the joint expense of the parties. Ms. Greenfield rejected the offer on June 14, 2018. On July 11, 2018, BTIC notified Ms. Greenfield that it would cure the defect at its own expense with no reduction in the original purchase price, as set forth in the contract. BTIC intended to have the boundary line between Lots 27 and 28 redrawn "so it shall not interfere with the residence next door[,] leaving a minimum of three (3) feet between the two properties." On the same day, Ms. Greenfield orally rejected the offer and wished to have "no further contact" with BTIC.

BTIC mailed Ms. Greenfield a letter on July 25, 2018, asserting that Ms. Greenfield's unilateral attempt to terminate the contract constituted a breach of contract. Per the terms of the contract, BTIC provided Ms. Greenfield ten days to cure the default.[1] BTIC further notified Ms. Greenfield that if she did not cure the default, then it would seek specific performance under paragraph 13(b) of the contract.[2] Ms. Greenfield did not respond to the letter.

In August of 2018, BTIC filed a civil complaint, alleging that Ms. Greenfield breached the contract and requesting specific performance of the contract. Ms. Greenfield answered the complaint in October of 2018 and asserted, among other defenses, that the contract was void. In support, Ms. Greenfield cited an unnumbered paragraph located at the end of the contract, which provided a copyright disclaimer and set forth that "[t]his form may be used only by members in good standing with the Virginia Association of Realtors." Ms. Greenfield asserted that because none of the parties involved were members of the Virginia Association of Realtors, the agreement was invalid. Ms. Greenfield otherwise admitted to the facts as alleged, including that

---

[1]Paragraph 13(c) of the parties' contract set forth that "[p]rior to any termination of this Agreement . . . the non-defaulting party shall provide written notice of any default(s) to the defaulting party . . . permitting the defaulting party ten (10) days to cure any such default(s)."

[2]Paragraph 13(b) of the parties' contract provided that "[i]f Seller defaults under this Agreement, Purchaser shall have the option to (i) seek specific performance of this Agreement, or (ii) terminate this Agreement."

she rejected BTIC's offer to cure the survey defect.

In August of 2019, BTIC filed a motion for summary judgment, arguing that no genuine issue of material fact existed in the dispute. Ms. Greenfield responded and again asserted that the contract was void because none of the parties were members of the Virginia Association of Realtors. Ms. Greenfield further argued that BTIC's offer to cure the survey defect materially altered the terms of the agreement, and, therefore, Ms. Greenfield had the right to reject the amendment. BTIC filed a reply, arguing that the copyright disclaimer had no impact on the agreement between the parties. It also argued that it had exercised its rights under the contract by offering to cure the survey defect at its expense.

Ultimately, the circuit court granted BTIC's motion for summary judgment. The court found that BTIC duly exercised its right to offer to cure the survey defect at its expense under paragraph five and that Ms. Greenfield had breached the contract by refusing to close. The court further found that the copyright disclaimer had no impact on the contract. The circuit court concluded that BTIC was entitled to specific performance of the contract and ordered as such. The circuit court's decision was memorialized by its December 5, 2019, order, which Ms. Greenfield now appeals.

On appeal, Ms. Greenfield argues that the circuit court erred in granting summary judgment to BTIC. This Court accords a plenary review to the circuit court's order granting summary judgment: "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). We have held that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2.

> Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 3. Finally, we recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (internal citation omitted).

On appeal, Ms. Greenfield argues that the contract was invalid because the parties lacked mutual assent. "The fundamentals of a legal contract are competent parties, legal subject matter, valuable consideration and mutual assent. There can be no contract if there is one of these essential elements upon which the minds of the parties are not in agreement." *Certegy Check Servs, Inc*. *v. Fuller*, 241 W. Va. 701, 704, 828 S.E.2d 89, 93 (2019) (citing Syl. Pt. 5, *Virginian Exp. Coal Co. v. Rowland Land Co.*, 100 W. Va. 559, 131 S.E.2d 253 (1926)). In Ms. Greenfield's view, the parties failed to agree upon the location of the land at issue. Ms. Greenfield asserts that both parties believed that the property line of Lot 27 existed "along the utility poles." According to Ms. Greenfield, the survey revealed that the property line "was not in the agreed-upon location," and, consequently, that the parties were mistaken as to the location of the property. Ms. Greenfield argues that this mutual mistake rendered the agreement invalid. We find Ms. Greenfield is entitled to no relief on this issue.

Ms. Greenfield has failed to establish by citation to the record that her objection to this asserted error was preserved below, and it appears that she has raised the argument of mutual mistake for the first time on appeal. "Our general rule . . . is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993).

> The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we have the benefit of its wisdom.

*Id*. Because Ms. Greenfield did not raise this argument below, we decline to address it now.

Next, Ms. Greenfield argues that the circuit court erred by declining to find that the contract was void due to the copyright disclaimer and the language that permitted only members of the Virginia Association of Realtors to use the contract form. Ms. Greenfield raised this issue below, and the circuit court found that she was entitled to no relief after explaining that Ms. Greenfield's real estate agent was the selling and listing agent for the property and the real estate agent utilized the form. Though it was not clear whether the real estate agent was a current member of the Virginia Association of Realtors, the circuit court surmised that the disclaimer had "no impact on the agreement between the parties herein" and Ms. Greenfield had failed to offer any authority to the contrary. We agree with the circuit court's recitation of facts and conclusion. On appeal, Ms. Greenfield has offered no authority to show that the copyright disclaimer voids the terms of the contract, and we find no error in this respect.

Finally, Ms. Greenfield argues that the circuit court erred in applying West Virginia law though paragraph 14(b) of the contract specified that disputes would be governed by Virginia law.[3] Notably, Ms. Greenfield fails to assert that she suffered prejudice from the circuit court's failure to apply the choice of law provision, and she fails to explain how the application of Virginia law would have affected the outcome. Despite this omission, we begin with consideration of the question of whether this choice of law provision is enforceable under our prior holdings.

> "A choice of law provision in a contract will not be given effect when the contract bears no substantial relationship with the jurisdiction whose laws the parties have chosen to govern the agreement, or when the application of that law would offend the public policy of this state." Syllabus point 1, *General Electric Co. v. Keyser*, 166 W.Va. 456, 275 S.E.2d 289 (1981).

Syl. Pt. 2, *W. Va. CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017). The requirement that the jurisdiction chosen by the parties have some substantial relationship to the transaction is the general rule of most jurisdictions and is a rule of long standing. *Gen. Elec. Co.*, 166 W. Va. at 463, 275 S.E.2d at 293. Here, the contract bears no substantial connection to Virginia. The subject property is located in Berkeley County, West Virginia. The parties both provided addresses in West Virginia for notice purposes. The real estate agent and company handling the transaction provided a West Virginia address as well. Simply put, the terms of the contract have no relation to Virginia, other than the choice of law provision. Accordingly, the circuit court was correct to give the choice of law provision no effect, and Ms. Greenfield's argument in this regard is meritless.

Having found no merit to Ms. Greenfield's arguments on appeal, we further find that the circuit court did not err in ordering specific performance of the contract. BTIC acted in accordance with paragraph five of the contract in obtaining a survey of the subject property and notifying Ms. Greenfield of the defect. Upon discovering the defect, BTIC offered to cure the defect at its expense, which was one of the three options available in the contract. Notably, paragraph five of the contract does not provide an option for the seller to terminate the contract upon the discovery of a title objection. Ms. Greenfield's failure to respond to BTIC's offer and her refusal to close the transaction constituted a breach of the terms of this contract. Furthermore, the parties specifically agreed in paragraph 13(b) of the contract that upon default by Ms. Greenfield, BTIC would have the option to seek specific performance of the contract. Accordingly, we find that BTIC was entitled to summary judgment and specific performance, and we find no error in the proceedings below.

For the foregoing reasons, we affirm the circuit court's December 5, 2019, order.

---

[3]Paragraph 14(b) of the contract provides that "[t]his Agreement shall be construed, performed and enforced in accordance with the Commonwealth of Virginia and shall not be amended or modified and no waiver of any provision hereof shall be effective unless set forth in a written instrument executed with the same formality as this Agreement."

5

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton