**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Leena Shah and Uday Shah,**
**Defendants Below, Petitioners**

**v.) No. 23-466** (Mason County CC-26-2021-C-38)

**James T. Bowen,**
**Plaintiff Below, Respondent**

**MEMORANDUM DECISION**

Petitioners Leena Shah and Uday Shah appeal the Circuit Court of Mason County's June 28, 2023, order denying their motion to dismiss the respondent's complaint or, alternatively, to stay the proceedings pending arbitration.[1] The petitioners assert that the circuit court erred in denying their motion to dismiss, which was predicated on an agreement between the parties to arbitrate. The respondent, by cross-assignment of error, asserts that the petitioners failed to request an order containing sufficient findings of fact and conclusions of law to enable meaningful appellate review. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's order and remanding for a sufficient order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

Abbreviating the factual and procedural history giving rise to this appeal, Petitioner Leena Shah agreed to purchase New Life Clinics, Inc. ("New Life") from Respondent James T. Bowen in 2015. Ms. Shah eventually defaulted, and according to Mr. Bowen, Petitioner Uday Shah, Ms. Shah's husband, discussed referring laboratory samples from New Life for processing at a laboratory owned by the Shahs. Accordingly, Mr. Bowen sought to "unwind" Ms. Shah's purchase and "buy back" New Life's assets. Mr. Bowen and Ms. Shah entered into a repurchase agreement, and Mr. Bowen and Mr. Shah executed a promissory note for the repurchase payment. That repurchase price was later renegotiated, and Mr. Bowen and Ms. Shah signed a "Letter of Intent – Settlement Agreement" on August 4, 2017, to that effect. In that document, Mr. Bowen and Ms. Shah agreed that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled in West Virginia by arbitration administered by a nationally recognized arbitration organization." Mr. Bowen then defaulted.

The parties discussed arbitration, selected an arbitrator, met with the arbitrator, identified issues for arbitration, and scheduled arbitration. Mr. Bowen canceled arbitration in advance of

---

[1] The petitioners appear by counsel Mark W. Kelley, Franki L. Parsons, and John J. Brewster. The respondent appears by Issac R. Forman, J. Zak Ritchie, and Carl W. Shaffer.

their scheduled date, though, and filed suit against the Shahs on June 11, 2021. The Shahs moved to dismiss Mr. Bowen's complaint for lack of subject matter jurisdiction, citing the presence of the arbitration provision and the steps taken by the parties toward arbitration. Alternatively, the Shahs moved to stay the proceedings pending arbitration. Mr. Bowen opposed the Shahs' motion, arguing that the agreements between the parties were void and unenforceable because they were in furtherance of a criminal enterprise, namely Mr. Shah's alleged intention to self-refer in violation of federal healthcare law. Following a hearing, the circuit court denied the Shahs' motion in an order entered on June 28, 2023, which provided only that their motion was denied "for the reasons set forth in [Mr. Bowen's] response and argued on the record by [Mr. Bowen's] counsel." The Shahs now appeal, seeking enforcement of the arbitration provision. In a cross-assignment of error, Mr. Bowen argues that this Court should affirm the circuit court because the Shahs failed to request a reviewable order.

Typically, "[w]hen an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*."[2] Syl. Pt. 1, *W. Va. CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017). In this instance, however, our review is hindered by the inadequacy of the circuit court's order.[3] We have held that "[w]hen a circuit court denies a motion to compel arbitration, the circuit court's order must contain the requisite findings of fact and conclusions of law that form the basis of its decision." Syl. Pt. 2, *Certegy Check Servs., Inc. v. Fuller*, 241 W. Va. 701, 828 S.E.2d 89 (2019). "The circuit court must apply the law to the facts to reach conclusions of law that explain the court's decision"; it "must identify the particular doctrines of the law that guide its thinking; then it must connect these doctrines to the particular facts that warrant its decision." *Id.* at 705, 828 S.E.2d at 93. The circuit court's order is deficient in each of the required aspects; accordingly, we vacate the court's June 28, 2023, order and remand to the circuit court. Upon remand, the court shall enter an order conforming to the standards set forth in *Certegy* to allow meaningful appellate review should the Shahs elect to file another appeal.

For the foregoing reasons, we vacate and remand.

Vacated and remanded, with directions.

**ISSUED:** October 22, 2024

---

[2] Because "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine," the order denying the Shahs' motion to dismiss is properly before this Court. *See* Syl. Pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013).

[3] That our review is de novo does not obviate the need for an order setting forth sufficient factual and evidentiary findings. *See, e.g.*, Syl. Pt. 3, in part, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997) ("Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review."), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014).

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn